UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE PEARL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　　Defendant. | Case No. 2:11-cv-01404-LDG-CWH<br><br>**ORDER**<br><br>Application to Proceed *In Forma Pauperis* (#1) and Screening of Complaint |

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on August 31, 2011.

**BACKGROUND**

Plaintiff alleges that between September 18, 2009 and November 25, 2009, the United States Postal Service, though its carrier, placed the wrong name on a left notice slip. Due to this error, Plaintiff was not aware that a certified letter sent to him was awaiting receipt at the post office. The certified letter was a notice of a state trial where Plaintiff was to appear *pro se*.

As a result of the error, Plaintiff failed to appear at his jury trial and did not notice witnesses. Plaintiff's case was dismissed. Plaintiff complained to the Postal Service, and a letter was written by a Postal Service representative to the Clerk of Court notifying the court of the error. On appeal, the letter from the postal service accepting blame could not be made part of the trial record.

Plaintiff alleges that the Postal Service deprived him of his due process right to a fair trial. Plaintiff claims that he is entitled to the amount he would have gotten with a fair trial.

Plaintiff describes medical damages, presumably related to his dismissed state law claim.

## DISCUSSION

### I.      Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Pearl's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

#### A.     Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case

'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Plaintiff expressly alleges a violation under 47 U.S.C. § 553, unauthorized reception of cable service. However, because the Court finds Plaintiff failed to properly bring a claim under this statute, or any other federal act (see discussion below), federal question jurisdiction does not exist at this time.

**B.     Failure to State a Claim**

Plaintiff expressly alleges a violation of 47 U.S.C. § 533, which prohibits the unauthorized interception or receipt or assistance in intercepting or receiving cable service. The Court assumes that Plaintiff cites this statute in error, since the alleged facts relate to the postal service's error in delivering certified mail. Regardless, none of Plaintiff's allegations give rise to a claim under any section of this statute.

For the purposes of screening, Plaintiff's facts as pled allege a claim of negligent transmission of certified mail. The United States retains sovereign immunity over claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Anderson v. U.S. Postal Serv.*, 761 F.2d 257, 528 (9th Cir. 1985) (quoting 28 U.S.C. § 2680(b)). "This provision has been invoked to exclude claims based on delays in delivering a letter, delivering a letter to the wrong address, or the loss of a registered letter." *Johnson v. U.S. Postal Serv.*, No. CV-F-09-238, 2009 WL 529877, at *2 (E.D. Cal. Mar. 2, 2009) (citations omitted). Plaintiff specifically states that the carrier made a "mistake" by placing the wrong name on the left mail notice provided at Plaintiff's address. As alleged, this claim is a "negligent transmission of letters" within the meaning of 28 U.S.C. § 2680. According, Plaintiff's claim is

3

barred by sovereign immunity.

This Court would further lack jurisdiction under the FTCA because Plaintiff has failed to exhaust administrative remedies. Plaintiff is required to file an administrative tort claim in order to assert a claim against the Postal Service. 28 U.S.C. § 2675(a). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Plaintiff includes a letter issued by the Postal Service accepting blame for the error, but there is no evidence that Plaintiff filed an administrative tort claim. Thus, Plaintiff does not satisfy his burden of proving subject matter jurisdiction, and his claim is dismissed.

If Plaintiff intended to pursue a *Bivens* action, then he will need to allege sufficient facts to constitute such a claim. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Plaintiff must allege facts showing that the carrier, acting under color of federal law, deprived him of a right, privilege, or immunity secured by the Constitution and that this deprivation was intentional or willful. Plaintiff's complaint fails to state a claim upon relief can be granted. The Court will grant Plaintiff leave to amend his complaint in accordance with the above discussion, if he is able to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30)** days from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order may result in the Court recommending that this action be dismissed.

DATED this 2nd day of November, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge