# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAURICE PEARL,

        Plaintiff,

vs.

UNITED STATES POSTAL SERVICE,

        Defendant.

Case No. 2:11-cv-01404-LDG-CWH

**FINDINGS AND RECOMMENDATION**

        This matter is before the Court on Plaintiff's Amended Complaint (#4), filed on November 8, 2011. The Court also considered Plaintiff's Addendum to Amended Complaint (#8), filed on August 15, 2012.

## BACKGROUND

        Plaintiff alleges that between September 18, 2009 and November 25, 2009, the United States Postal Service, though its carrier, placed the wrong name on a left notice slip. Due to this error, Plaintiff was not aware that a certified letter sent to him was awaiting receipt at the post office. The certified letter was a notice of a state trial where Plaintiff was to appear *pro se*. As a result of the error, Plaintiff failed to appear at his jury trial, did not notice witnesses, and the case was dismissed. A letter was written by a Postal Service representative to the Clerk of Court acknowledging that the letter carrier wrote the wrong name on the left notice slip. On appeal, the letter was not made part of the trial record. Plaintiff alleges that the Postal Service deprived him of his due process right to a fair trial and seeks monetary damages that he would have gotten with a fair trial.

        On August 31, 2011, Plaintiff filed an Application to Proceed *in Forma Pauperis* (#1). On November 2, 2011, the Court granted Plaintiff's Application to Proceed *in Forma Pauperis* (#1) and ordered the Clerk of the Court to file Plaintiff's Complaint. In addition, the Court

ordered that the Complaint be dismissed without prejudice and granted Plaintiff thirty (30) days to file an amended complaint correcting the noted deficiencies.

## DISCUSSION

### I.     Screening the Amended Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

### A.   Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff submitted his Amended Complaint on a form entitled Civil Rights Complaint pursuant to 42 U.S.C. § 1983. However, Plaintiff failed to allege a violation of any Section 1983. If Plaintiff intended to pursue a *Bivens* action, he needed to allege sufficient facts to constitute such a claim. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). For example, Plaintiff needed to allege facts showing that the mail carrier, acting under color of federal law, deprived him of a right, privilege, or immunity secured by the Constitution and that this deprivation was intentional or willful. The Court informed Plaintiff of these requirements in its prior Order dismissing the original complaint without prejudice and Plaintiff

failed to correct these deficiencies.  *See* Order #2.  Indeed, Plaintiff's Amended Complaint includes a new statement of facts regarding injuries he suffered subsequent to a golf cart incident.  It is not clear how these injuries relate to the alleged postal service error.  Therefore, because the Court finds that Plaintiff failed to properly bring a claim under Section 1983 (see discussion below), federal question jurisdiction does not exist at this time.

### B.  Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Plaintiff asserts damages of $0 in his amended complaint.  Additionally, the Addendum lists medical bills that appear unrelated to the alleged postal service error that resulted in a dismissal of Plaintiff's case.  Therefore, the Court finds that there is no diversity jurisdiction in this case.

### C.  Failure to State a Claim

Additionally, the Court finds that Plaintiff failed to cite any federal law that would provide him with a cognizable claim.  The Court notes that the original pleading alleged a violation of 47 U.S.C. § 533, which prohibits the unauthorized interception or receipt or assistance in intercepting or receiving cable service.  *See* Civil Cover Sheet #1-2.  In its Order dismissing the original complaint for failure to state a claim upon which relief could be granted, the Court noted that Plaintiff probably cited this statute in error because the alleged facts relate to the postal service's error in delivering certified mail.  *See* Order #2. Regardless, the United States retains sovereign immunity over claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  *Anderson v. U.S. Postal Serv.*, 761 F.2d 257, 528 (9th Cir. 1985) (quoting 28 U.S.C. § 2680(b)).  "This provision has been invoked to exclude claims based on delays in delivering a letter, delivering a letter to the wrong address, or the loss of a registered letter."  *Johnson v. U.S. Postal Serv.*, No. CV-F-09-238, 2009 WL 529877, at *2 (E.D. Cal. Mar. 2, 2009) (citations omitted).  Plaintiff states that the carrier made a "mistake" by placing the wrong name on the left mail notice provided at Plaintiff's address.  As alleged, this

claim is a "negligent transmission of letters" within the meaning of 28 U.S.C. § 2680. According, Plaintiff's claim is barred by sovereign immunity.

The Court also lacks subject matter jurisdiction under the FTCA because Plaintiff has failed to exhaust administrative remedies. Plaintiff is required to file an administrative tort claim in order to assert a claim against the Postal Service. 28 U.S.C. § 2675(a). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Plaintiff includes a letter issued by the Postal Service accepting blame for the error, but there is no evidence that Plaintiff filed an administrative tort claim. Overall, Plaintiff's Amended Complaint failed to correct the noted deficiencies. The Court finds that Plaintiff failed to provide sufficient factual allegations in the Amended Complaint to correct the above-noted subject-matter jurisdiction deficiencies. Plaintiff's claim cannot survive and therefore the Court recommends that his amended complaint be dismissed.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#3) and Addendum (#4) be **dismissed with prejudice** because Plaintiff failed to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of October, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge